UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| JAMES HARKEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-189 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____ ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff's complaint was not subject to initial screening because plaintiff paid the filing fee rather than seeking leave to proceed *in forma pauperis*. This is plaintiff's third lawsuit against defendants General Motors Corporation (GM) and Control Systems Integrators, Inc. (CSII). Plaintiff filed his earlier unsuccessful lawsuits against defendants in Ingham County Circuit Court. Here, plaintiff alleges that he was "wrongfully denied his 14th Amendment due process right to a trial by jury" in his state-court lawsuits. Plaintiff requests that this court grant him a jury trial on his state-court claims and award him damages. (docket # 1, ¶ 15).

The matter is before the court on defendants' motions for summary judgment. (docket #'s 6, 12). Defendants seek entry of judgment in their favor on the grounds that plaintiff's claims are barred by *res judicata*, collateral estoppel, and the statute of limitations. Plaintiff has filed his response briefs (docket #'s 10, 15), and defendants' motions are ready for decision. For the reasons set forth herein, defendants' motions will be dismissed without prejudice. It is patent that this court

lacks subject matter jurisdiction over plaintiff's claims, and plaintiff's complaint will be dismissed *sua sponte* on that basis.

**Facts**

Plaintiff is a former CSII employee. In 1999, plaintiff filed a lawsuit in Ingham County Circuit Court against CSII and GM. Plaintiff alleged discriminatory removal from a GM project after plaintiff filed a negligence action against GM for an injury that plaintiff claimed to have sustained while working at a GM facility. (docket # 13, Ex. D, *Harken v. General Motors Corp., et al.*, No. 99-90134-N2 (Ingham County Cir. Ct.)). Judge Carolyn Stell granted defendants' motion for summary disposition, and entered judgment in defendants' favor. Plaintiff filed a claim of appeal. (docket # 13, Ex. E). On April 15, 2004, the Michigan Court of Appeals issued its unpublished, *per curiam* decision affirming lower court's judgment. (docket # 10, Ex. 1, *Harken v. General Motors Corp., et al.*, No. 245715 (Mich. Ct. App. Apr. 15, 2004)). On December 27, 2004, the Michigan Supreme Court denied plaintiff's application for discretionary review. (docket # 13, Ex. E). Plaintiff did not petition the United States Supreme Court for a writ of *certiorari*, and the time within which to do so has long since passed.

On July 17, 2007, plaintiff filed another lawsuit against defendants in Ingham County Circuit Court. (docket # 13, Ex. H, *Harken v. General Motors Corp., et al.*, No. 07-963-CH (Ingham County Cir. Ct.)). Plaintiff filed a first amended complaint on July 31, 2007. (*Id.*, Ex. I). On December 12, 2007, Judge William Collette granted defendants' motion for summary disposition and dismissed plaintiff's claims with prejudice. (*Id.*, Ex. K). There is no evidence that plaintiff

sought review of Judge Collette's decision in the Michigan Court of Appeals. On February 26, 2008, plaintiff filed this lawsuit.

## Discussion

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (Subject matter jurisdiction is always a "threshold" question.). "Quite aside from whether the parties raise jurisdictional issues themselves--or even attempt to consent or agree to federal jurisdiction--federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998); *see Klepsky v. United Parcel Service*, 489 F.3d 264, 268 (6th Cir. 2007) ("[S]ubject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction."); *Curry v. U. S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006)("Defects in subject matter jurisdiction cannot be waived by the parties and may be raised by the court on its own motion at any stage of the proceedings.").

This court does not possess direct oversight powers over Michigan's courts. *See Givens v. Homecomings Fin.*, No. 07-2359, 2008 WL 2121008, at * 1-2 (6th Cir. May 20, 2008); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). The judgments of the Ingham County Circuit Court are the sources of plaintiff's alleged injuries: the deprivation of jury trials in state court on his claims against defendants. This court lacks jurisdiction to entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Lawrence v. Welch*, No. 07-1026, __ F.3d __, 2008 WL 2242529, at * 6 (6th Cir. June 3, 2008); *Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007). The recourse available to plaintiff in response to an adverse district court judgment was to seek review in the Michigan Court of Appeals, Michigan Supreme Court, and if necessary, to seek a writ of *certiorari* from the United States Supreme Court. It is patent that this court lacks jurisdiction to review the state-court decisions plaintiff is attempting to challenge through this lawsuit. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007); *accord Saudi Basic*, 544 U.S. at 284; *Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007).

### **Conclusion**

For the reasons set forth herein, defendants' motions for summary judgment (docket #'s 6, 12) will be dismissed without prejudice. Plaintiff's complaint will be dismissed *sua sponte* for lack of subject matter jurisdiction.

Date:     June 11, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE